In the Matter of the Application of RICHARD W. OLDFIELD, Petitioner, for a Peremptory Order of Mandamus against EVERETT SNEDEKER and Others, as Trustees of the Village of Haverstraw, Respondents.

Supreme Court, Rockland County, March 6, 1928.

Villages — elections — board of trustees of village pursuant to Village Law, § 49, by resolution divided village into three election districts — at subsequent meeting resolution was passed establishing one polling place for village with one set of inspectors — first resolution was not repealed by subsequent action of board — board was without power to repeal resolution establishing three election districts, in absence of proof showing such decrease in number of electors as to justify action — board must designate suitable polling places in each of three election districts.

The board of trustees of the village of Haverstraw, having, pursuant to section 49 of the Village Law, divided the village into three election districts at a meeting of the board on February 7, 1927, on proof showing that more than 1,800 votes were cast in the 1926 election of village officers, must convene and designate a suitable polling place in each of the three election districts, appoint inspectors of election for each polling place and provide the proper equipment for such polling places and the necessary ballots, notwithstanding the fact that at a meeting of the board on February 6, 1928, a resolution was adopted which undertook to repeal the 1927 resolution by establishing one polling place for the village with one set of inspectors and requiring more than 2,000 voters of the village to vote in one polling place between the hours of one and eight P. M. at the annual village election called for March 20, 1928.

The resolution of February 7, 1927, is still in force and was not repealed by the action of the board on February 6, 1928. Moreover, the additional or supplemental resolution adopted by the board on March 5, 1928, is ineffective because it was not adopted at least thirty days before the annual election as required by section 49 of the Village Law.

Furthermore, the present board was without power to repeal or rescind or modify the resolution adopted in 1927, establishing three election districts for the village, unless there was proof that there had been such a decrease in the number of electors as to justify such action.

It would be unreasonable and unjust to require 2,000 or more electors to vote or attempt to vote at one polling place between one and eight P. M., inasmuch as it would necessarily result in crowding and inconvenience for the electors

and irregularities, mistakes and omissions on the part of a single board of election officers who could not properly handle a crowd of that size; further, many voters might be disfranchised.

APPLICATION for a peremptory order of mandamus.

*Kennedy & Kennedy,* for the petitioner.

*Joseph Haher* and *Frank Comesky,* for the respondents.

TOMPKINS, J. Section 49 of the Village Law (as amd. by Laws of 1927 chap. 650) provides that " If at an annual election the number of votes cast for village officers shall exceed eight hundred, the board of trustees may by resolution, adopted at least thirty days before the next annual election, divide such village into election districts, containing not more than eight hundred voters. Such resolution shall specify the boundaries of each district. Such resolution shall be published and posted with a notice of such election."

Pursuant to this provision of the Village Law, the board of trustees of the village of Haverstraw did, on or about the 7th day of February, 1927, adopt the following resolution:

" WHEREAS, at the last village election there was cast for the election of village officers more than 1,800 votes, and section 49 of the Village Law provides for the dividing of the village into election districts where more than 800 votes have been cast at the preceding election for village officers:

" Be it *resolved* that the village of Haverstraw be divided into three election districts as follows:

" A district to be known as the first election district, the boundaries of which shall be coextensive with the boundaries of town election districts Nos. 5 and 6.

" A district to be known as the second election district, the boundaries of which shall be coextensive with the boundaries of town election districts Nos. 7 and 8.

" A district to be known as the third election district, the boundaries of which shall be coextensive with the boundaries of town election districts Nos. 9 and 10."

And pursuant thereto, the annual village election of 1927 was held. The preamble preceding the foregoing resolution recites that at the preceding village election more than 1,800 votes were cast. On the argument of this motion, it was stated by counsel for the petitioners, and not denied, that about 2,300 votes were cast at the village election in 1927. The present board of trustees, on February 6, 1928, adopted the following resolution: " Regularly moved by Trustee Cordes, seconded by Trustee Larkin, that one of the purposes of this meeting tonight was to name inspectors at the annual charter election to be held on Tuesday, March 20, 1928; that the

trustees, clerks, and Village Attorney Haher act as inspectors of election, and that the annual charter election be held on March 20, 1928, in the corporation rooms in the village of Haverstraw between the hours of 1 o'clock P. M. and 8 o'clock P. M., and that there be only one polling place, and that the clerk notify each member of the board of trustees and others to meet in the corporation rooms on the evening of Thursday, March 15, 1928, at 8 o'clock P. M., for instructions of the use of the ballot, etc. Unanimously carried. Trustee Cordes further moved that the village clerk receive bids for furnishing of the election ballots for not less than 2,500 and that ballots shall be used in this village election. Seconded by Trustee Larkin. Unanimously carried," thereby undertaking to repeal the resolution of February 7, 1927, dividing the village into three election districts, and providing for three polling places. The effect of this resolution, adopted by the present board, is to establish one polling place for the entire village, with one set of election officers or inspectors, and requiring more than 2,000 voters of the village to vote in one polling place between the hours of one and eight o'clock P. M. The same resolution provides for not less than 2,500 ballots to be used in said election.

This proceeding is for a peremptory order of mandamus, directing the board of trustees to convene as such board and to then and there designate a polling place in each of the three election districts of said village established by the resolution of February 7, 1927, and the first question for decision is: Did the resolution, adopted by the present board of trustees on February 6, 1928, operate to repeal the resolution of the former board of trustees, adopted on the 7th day of February, 1927, and the elimination of three election districts created thereby, and the consolidation of said districts into a single election district, with the corporation rooms of said village as the polling place?

The policy of the Election Law (§ 64) is to afford all electors of the State and of its several subdivisions reasonable and ample opportunity to vote at any election. It provides that for general election purposes, where the polls are open from sunrise to sunset, towns and wards shall be so subdivided that not more than 500 voters in towns and 600 voters in wards shall be in each election district where paper ballots are used, and not more than 700 in districts where voting machines are used, and it is a matter of common knowledge that more than 500 to 700 cannot be well and conveniently handled without crowding and disorder in a single polling place, with one set of election officers, even when the polls are open from sunrise until sunset.

In the coming village election in Haverstraw the polls are to be

open from one to eight o'clock P. M., and it was for the purpose of accommodating and affording to all electors a reasonable opportunity to vote at village elections that section 49 of the Village Law was enacted, and under said section the board of trustees of the village of Haverstraw, in 1927, when it appeared that more than 1,800 votes had been cast at the preceding election, very properly divided the village into three election districts, and in my opinion that resolution is still in force and was not repealed by the action of the present board of trustees on February 6, 1928. The additional or supplemental resolution adopted by the present board on March 5, 1928, is ineffective, because it was not adopted at least thirty days before the next annual election.

It seems to me that the resolution adopted by the board of trustees on the 7th day of February, 1927, must remain in operation until it shall appear, at an annual election, that the number of electors in said village has decreased, so as to make three election districts unnecessary, and that the village cannot be restored to a single election district for village elections, unless and until it shall appear that there are not more than 800 qualified electors in said village. It would be unreasonable and unjust to require 2,000 or more electors to vote or attempt to vote at one polling place between one and eight o'clock P. M. on election day, and it would, necessarily, result in crowding and inconvenience for the electors, and irregularities, mistakes and omissions on the part of a single board of election officers, who could not properly handle a crowd of that size, and would be calculated to disfranchise many voters.

It does not appear in the resolution of February 6, 1928, that there has been any decrease in the number of electors of the village. On the contrary, provision is made for not less than 2,500 election ballots to be used in said election, and my opinion is that the present board was without power to repeal or rescind or modify the resolution adopted the year before, establishing three election districts, unless it appeared that there had been such a decrease in the number of electors as to justify such action.

It, therefore, follows that it is the duty of the present board of trustees, under section 51 of the Village Law (as amd. by Laws of 1927, chap. 650), to appoint two inspectors of election for each of the three election districts in said village, and also to comply with the provisions of section 52 of the Village Law (as amd. by Laws of 1927, chap. 650), by designating a polling place in each of the said three election districts, and a peremptory order of mandamus will be made directing the respondents to convene as a board of trustees of the said village of Haverstraw on the 7th day of March, 1928, at eight o'clock, and that they then and there designate a

suitable polling place in each of the three election districts in the village of Haverstraw, and appoint inspectors of election for each of said polling places, and to provide the proper equipment for such polling places and the necessary ballots.